UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PLATINUM SPORTS LTD., et al.,

        Plaintiffs,

vs.

THE CITY OF DETROIT, et al.,

        Defendants.
_____/

Case No. 07-CV-12360

HON. GEORGE CARAM STEEH

## ORDER CLARIFYING MARCH 12, 2008 PRELIMINARY INJUNCTION

On March 6, 2008 the Court issued its Order Granting in Part and Denying in Part Plaintiffs' Amended Motion for Preliminary Injunction. The Court's order stated: "Plaintiffs shall present a proposed preliminary injunction order in accordance with this opinion." On March 7, 2008, plaintiffs submitted a proposed preliminary injunction, which the Court entered on March 12, 2008. Local Rule 58.1 provides that upon the filing of a proposed order, the other party shall have 7 days to file objections. Defendants timely filed objections to the proposed preliminary injunction on March 17, 2008. Because entry of the preliminary injunction order should have been delayed, the Court will consider defendants' objections and clarify the scope of the preliminary injunction as follows:

The City's police officers are not enjoined from enforcing section 5-2-32, which was not challenged by plaintiffs. Inasmuch as enforcement of 5-2-32 overlaps with section 5-2-34(1), pertaining to the presentation of basic identification documents by an applicant for an adult entertainer identification card, such enforcement is not enjoined.

Pursuant to section 5-2-34(2), the City can deny an identification card if it is aware that the applicant had violated one of the enumerated civil disability provisions that the Court found likely to be constitutional.

The provision in section 5-2-34(4) which requires adult entertainers to pay a fee in order to obtain an identification card is still enforceable under the preliminary injunction.

As it relates to section 5-2-25, which addresses health and safety concerns, the preliminary injunction does not prohibit the City from denying a license to an operator if it has independent knowledge of health and safety violations.

Similarly, pursuant to section 5-2-26, the Court's preliminary injunction does not prohibit the denial of a license where the applicant is known, without awaiting an investigation, to have been convicted of one of the enumerated crimes, which have previously been held likely to be constitutional, or is in arrears for any taxes or assessments.

The portion of section 5-2-38(a) which requires adult entertainers to <u>show</u> their adult identification cards to officers upon demand, as opposed to the portion that requires them to surrender their cards, is not affected by the preliminary injunction.

Defendants' argument that the City should be permitted to enforce its regulations as to first-time applicants because the status quo as to them is non-operation or non-performance is too simplistic. A number of the provisions of the ACO were found to be problematic for multiple reasons. The Court does not see the need to clarify its order on this point, absent more specific objections.

The March 12, 2008 Preliminary Injunction is CLARIFIED, as described above. It is so ordered.

Dated: March 20, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 20, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk