UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PLATINUM SPORTS LTD., et al.,

        Plaintiffs,

vs.

THE CITY OF DETROIT, et al.,

        Defendants.
_____/

Case No. 07-CV-12360

HON. GEORGE CARAM STEEH

ORDER DENYING ASSOCIATION OF CLUB EXECUTIVES OF
MICHIGAN AND JANE DOES 1 AND 2 MOTION TO INTERVENE [DOC. 63]

The Association of Club Executives of Michigan and Jane Does 1 and 2 ("Proposed Intervening Plaintiffs") have filed a motion to intervene in this case as party plaintiffs pursuant to Federal Rule of Civil Procedure 24. For the reasons stated herein, the motion to intervene is denied.

Plaintiffs Platinum Sports LTD and Shahida Hardaway have moved to have portions of the Adult Cabaret Ordinance ("ACO") enjoined. The Court has already entertained motions for preliminary injunction, and has granted them in part and denied them in part. The Proposed Intervening Plaintiffs seek to have the entire ACO and incorporated portions of the Detroit City Code ("DCC") struck as unconstitutional. The Association of Club Executives of Michigan is a coalition of club owners who own and operate Class C Liquor Licensed and Group D Cabaret Licensed establishments throughout the City of Detroit. Jane Does 1 and 2 are both performers in Cabaret D licensed establishments.

Over one and a half years ago, the plaintiffs filed the present lawsuit against the City of Detroit and unknown police officers on June 1, 2007. Plaintiffs filed an amended complaint on October 16, 2007, identifying specific police officers as individual defendants. In March, 2008, the Court entered various orders on motion for preliminary injunction. On June 9, 2008, the Court entered an order, pursuant to stipulation by the parties, dismissing the claims against the individual officers, and dismissing all claims except for plaintiffs' claims of declaratory and injunctive relief against the City of Detroit. On October 22, 2008, the Proposed Intervening Plaintiffs filed their motion to intervene, as of right or permissively. Fed. R. Civ. P. 24(a) or (b).

I. Intervention as of Right

The Proposed Intervening Plaintiffs claim to satisfy the requirements for intervention as of right, as set forth in Fed. R. Civ. P. 24(a)(2):

> On timely motion, the court must permit anyone to intervene who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

There are four factors a court considers in evaluating a motion for intervention as of right: (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest. Coalition to Defend Affirmative Action v. Granholm, 501 F.3d 775, 779 (6th Cir. 2007).

This case has been pending for 18 months, significant discovery has already taken place, and the Court has already issued several substantive orders. As an

organization of clubs offering adult entertainment in the City of Detroit, the Proposed Intervening Plaintiffs must have been aware of this suit for some time, yet they do not explain why they waited until now to seek to intervene. Discovery cutoff was December 1, 2008, motion cutoff is January 6, 2009, and trial is scheduled for April, 2009. Permitting the Proposed Intervening Plaintiffs into this case now would require an extension to the schedule equal in length to a newly-filed case.

Second, the Proposed Intervening Plaintiffs appear to be primarily interested in challenging the entire ACO, as well as in seeking monetary damages against the City of Detroit. This is very different from the present case, which seeks only declaratory and injunctive relief regarding select provisions of the ACO.

Third, because the issues sought to be litigated are different, the Proposed Intervening Plaintiffs will not be harmed if the case continues without their participation. To the extent that the case does involve some issues which the Proposed Intervening Plaintiffs desire to litigate, they have not shown that these interests would not be adequately protected by the attorneys representing the present plaintiffs. Now, therefore,

The Proposed Intervening Plaintiffs' motion for intervention as of right is DENIED.

## II. Permissive Intervention

Rule 24(b)(1) of the Federal Rules of Civil Procedure provides that timely requests for permissive intervention are subject to the sound discretion of the court. In exercising its discretion, the court is to consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3). Allowing the Proposed Intervening Plaintiffs to intervene in this case at this

stage would necessarily delay the adjudication of the claims and defenses of the existing parties.

Given that the Proposed Intervening Plaintiffs' interests, to the extent they overlap with issues in this case, are being adequately represented, the Court is not persuaded to grant the request for permissive intervention. See, e.g., <u>New Orleans Public Service Inc. v. United Pipe Line Co.</u>, 732 F.2d 452 (5th Cir. 1984). The fact that the Proposed Intervening Plaintiffs raise collateral issues in their motion is another reason to deny intervention. Now, therefore,

For the reasons given above, the Proposed Intervening Plaintiffs' motion for permissive intervention is DENIED.

Dated: December 12, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 12, 2008, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk