UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

PLATINUM SPORTS, LTD.
d/b/a ALL STARS, a Michigan corporation,
and SHAHIDA HARDAWAY,

        Case No. 07-CV-12360
Plaintiffs,        HON. GEORGE CARAM STEEH

vs.

CITY OF DETROIT,

Defendant.
_____

**PERMANENT INJUNCTION**

On March 6, 2008, the Court granted in part and denied in part Plaintiff's Amended Motion for Preliminary Injunction (Doc. 51). The Court then preliminarily enjoined enforcement of Sections 5-2-5(b), 5-2-25, 5-2-26, 5-2-34, 5-2-35, 5-2-36, 5-2-38 and 5-2-44 of the City of Detroit's Adult Cabaret Ordinance (ACO) (Doc. 52).

On March 20, 2009, the Court issued an "Order Clarifying March 12, 2008 Preliminary Injunction" (Doc. 54), in which the Court clarified that:

    A.    Pursuant to section 5-2-34(2), the City can deny an identification card if it is aware that the applicant had violated one of the enumerated civil disability provisions that the Court found likely to be constitutional.

    B.    The provision in section 5-2-34(4) which requires adult entertainers to pay a fee in order to obtain an identification card is still enforceable under the preliminary injunction.

    C.    As it relates to section 5-2-25, which addresses health and safety concerns, the preliminary injunction does not prohibit the City from denying a license to an operator if it has independent knowledge of health and safety violations.

  D. Pursuant to section 5-2-26, the Court's preliminary injunction does not prohibit the denial of a license where the applicant is known, without awaiting an investigation, to have been convicted of one of the enumerated crimes, which have previously been held likely to be constitutional, or is in arrears for any taxes or assessments.

  E. The portion of section 5-2-38(a) which requires adult entertainers to show their adult identification cards to officers upon demand, as opposed to the portion that requires them to surrender their cards, is not affected by the preliminary injunction.

Plaintiffs subsequently moved for summary judgment. On April 9, 2009, the Court granted in part and denied in part Plaintiffs' motion (Doc. 87). For the reasons stated in that order (Doc. 87), the Court permanently prohibits the City of Detroit, its officers, agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of this Injunction, from enforcing Sections 5-2-5(b), 5-2-25. 5-2-26, 5-2-31(a), 5-2-33(b), 5-2-34, 5-2-35, 5-2-36, 5-2-38, and 5-2-44 of the City of Detroit's Adult Cabaret Ordinance (ACO), subject to the Court's Order Clarifying that Preliminary Injunction (Doc.54).

For the reasons stated in Doc 51, the Court also permanently prohibits the City of Detroit, its officers, agents, servants, employees, attorneys and those person in active concert or participation with them who receive actual notice of this injunction, from disclosing the home address, date of birth, home telephone number, and any other information which, if disclosed, would constitute an unwarranted invasion of personal privacy of individuals seeking to comply with the requirements of the ACO, in response to a request made under Michigan's Freedom of Information Act (FOIA).

**IT IS SO ORDERED.**

Dated:  September 28, 2009

                                                <u>S/George Caram Steeh</u>
                                                GEORGE CARAM STEEH
                                                UNITED STATES DISTRICT JUDGE